CEM

FILED
JANUARY 22, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**08 C 443**

| | |
|---|---|
| AMERICAN SERVICE INSURANCE COMPANY, an Illinois insurance company, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No.<br>)<br>) |
| NAFTA GENERAL AGENCY, UNDERWRITERS MGA, INC., and RAMON VILLARREAL, | )<br>)<br>)<br>) |
| Defendants. | )<br>) |

**JUDGE COAR
MAGISTRATE JUDGE KEYS**

### DECLARATION OF STEPHEN BOSY

I, STEPHEN BOSY, pursuant to 28 USC § 1746, do hereby declare under penalty of perjury that the following statement is true and correct and if called upon to testify, my testimony would be as follows:

1. I am of legal age and under no legal disability to testify in the above-captioned proceeding, and the following declarations are made upon my own personal knowledge.

2. I am Vice-President of Plaintiff, American Service Insurance Company ("ASI"), an Illinois insurance company with its principal place of business located in Elk Grove Village, Illinois, and I am authorized by ASI to submit this Declaration in Support of Plaintiff's Motion for Temporary Restraining Order.

3. On or about July 5, 2006, ASI entered into a Program Manager Agreement ("PMA") with NAFTA General Agency ("NAFTA") which authorized NAFTA to offer insurance as a program agent of ASI to Mexican nationals driving passenger and commercial vehicles in the United States.

4. Among the insurance products offered under the PMA are commercial policies providing $750,000.00 coverage to Mexican truckers operating in the United States and general consumer policies offering coverage to Mexican nationals operating automobiles in the United States.

5. At the time that ASI and NAFTA each executed the PMA, Ramon Villarreal, an officer of NAFTA, executed a "Manager's Personal Guaranty" in which Villareal agreed to guaranty to ASI the full, complete and punctual performance of the PMA.

6. On or about February 23, 2007, ASI and NAFTA agreed to amend the PMA to include Underwriters MGA, Inc. ("UMGA"), and two Mexican entities, as additional managers under the PMA and on August 29, 2007, the parties amended the PMA once again to prohibit NAFTA and UMGA from assigning the PMA in whole or in part.

7. Attached hereto as Exhibit "1" is a true and correct copy of the Program Manager Agreement, as amended, including Endorsements "A" through "H" as the PMA, with endorsements, is maintained in the files and records of ASI.

8. On or about November 7, 2007, Mike Suerth of ASI informed me that NAFTA and UMGA had a loss ratio in excess of 105% for the years 2006 and 2007. Specifically, Mr. Suerth informed me that the loss ratio for 2006 was 130.6 % and the loss ratio for 2007 was 159.2%.

9. Based upon that information, on November 7, 2007, I prepared and sent to Ramon Villarreal, as President of UMGA and NAFTA, a letter terminating the PMA

effective November 12, 2007, pursuant to Article XV, Section 4(e). A true and correct copy of the letter I sent is attached hereto as Exhibit "2".

10. On November 15, 2007, upon request from Mr. Villarreal, I agreed on behalf of ASI to delay termination of the PMA until December 31, 2007, as long as UMGA and NAFTA met certain conditions. Attached hereto as Exhibit "3" is a true and correct copy of the letter I sent to Mr. Villarreal confirming ASI and NAFTA/UMGA's agreement to delay termination of the PMA until December 31, 2007. UMGA and NAFTA never disputed that Exhibit "3" accurately summarized out agreement on November 15, 2007.

11. On December 28, 2007, ASI received and I reviewed a facsimile from the Calvillo Law Firm located in McAllen, Texas, and representing UMGA, that attached a copy of a Temporary Restraining Order and Order Setting Hearing for Preliminary Injunction issued by a court in Hidalgo County, Texas. Prior to receiving the facsimile, no one at ASI had received any notice that UMGA was pursuing any sort of injunction against ASI. A true and correct copy of the facsimile is attached hereto as Exhibit "4".

12. On January 3, 2008, ASI sent a letter to David N. Calvillo notifying Mr. Calvillo of UMGA and NAFTA's continuing breaches of the PMA and their breach of the agreement to delay termination until December 31, 2007. A true and correct copy of the letter sent by ASI to Mr. Calvillo is attached hereto as Exhibit "5".

13. On January 8, 2008, I directed my attorney to send a letter to UMGA and NAFTA notifying them that, to the extent there was a dispute concerning our termination of the PMA, UMGA and NAFTA's right to bind new or renewal ASI insurance policies

was suspended immediately pursuant to Article XIV, I, of the PMA. A true and correct copy of the letter is attached hereto as Exhibit "6".

14. On January 11, 2008, the Hidalgo County, Texas Court held a hearing on NAFTA/UMGA's Motion for Extension of Temporary Restraining Order and the Court extended the Restraining Order until January 14, 2008, at 5:00 p.m. to allow NAFTA/UMGA the opportunity to notify their sub-agents of the termination. A true and correct copy of the Court's January 11, 2008 Order is attached hereto as Exhibit "7".

15. On January 14, 2008, I was informed that NAFTA/UMGA had obtained another ex parte Temporary Restraining Order at 9:55 a.m. that morning in Cameron County, Texas from another Judge. Once again, NAFTA/UMGA provided ASI with no notice of the hearing.

16. On January 15, 2008, I reviewed the website for UMGA at underwritersmga.com. At that website, I discovered that UMGA continues to offer automobile insurance policies of the type issued by ASI to Mexican nationals driving in the United States and it continues to solicit new sub-agents to write more such policies.

17. NAFTA/ UMGA have not returned to ASI records relating to policies sold after the date of termination and NAFTA/UMGA have not returned to ASI policy documents, brochures or other documents containing ASI's name and logo upon termination as required under the PMA.

18. NAFTA/UMGA have not paid ASI all funds owed to ASI from amounts collected from the sale of insurance policies on a daily basis as required under the PMA.

19. I contacted NAFTA/UMGA to demand the return of all its records, but NAFTA/UMGA has refused to return any records to ASI or to confirm that NAFTA/UMGA have discontinued using ASI's name or logo.

20. ASI has built substantial goodwill in the insurance industry and NAFTA/UMGA's continued use of our logo and name to sell insurance policies risks our goodwill in light of the fact that our name is being used to issue insurance policies despite the fact that NAFTA/UMGA is not authorized to issue insurance policies bearing ASI's name.

I declare under penalty of perjury that the foregoing is true and correct. Executed on January 21, 2008:

_____
Stephen Bosy