**EXHIBIT A**

## Civil Docket

Court

Case No. C-3094-07-A
HIDALGO County

January 22nd, 2008
8:11am

UNDERWRITERS MGA, INC. vs. AMERICAN
SERVICE INSURANCE AND AVALON RISK
MANAGEMENT

Filed : 12/28/2007
Status: Filed
Type: DECLARATORY JUDGMENT

Judge
  Ricardo P. Rodriguez, Jr.

Court Reporter

| Date | | Volume | Page |
|------|--|--------|------|
| | **Disposition Information** | | |
| | Case Disposition: | | |
| | **Events & Orders of the Court** | | |
| 12/28/07 | PLAINTIFF'S ORIGINAL PETITION | | |
| 01/07/08 | INTERVENTION | | |
| | ORIGINAL PETITION FOR INTERVENTION AND FOR DECLARATORY JUDGMENT, PETITION FOR DAMAGES, AND PETITION FOR INJUCTIVE RELIEF, FILED. | | |
| | Entered by: BENC on 01/07/08 at 02:32pm | | |
| 01/07/08 | ORDER SETTING HEARING SIGNED | | |
| | TEMPORARY RESTRAINING ORDER & ORDER SETTING HEARING FOR PRELIMINARY INJUNCTION SET FOR 1/11/08 @ 9:00 A.M.; SIGNED BY JUDGE RPR; /EB | | |
| | Entered by: EBANDA on 01/07/08 at 02:41pm | | |
| 01/09/08 | ORDER FILED | | |
| | MOTION FOR EXTENSION OF TEMPORARY RESTRAINING ORDER, FILED. | | |
| | Entered by: NORMA1 on 01/09/08 at 04:51pm | | |
| 01/10/08 | MOTION TO QUASH | | |
| | DEFENDANTS' MOTION TO QUASH SERVICE, MOTION TO DISMISS, OR, ALTERNATIVELY, PLEA IN ABATEMENT, MOTION TO COMPEL ARBITRATION, RESPONSE TO REQUEST FOR TEMPORARY INJUNCTION, MOTION TO DISSOLVE TEMPORARY RESTRAINING ORDER , AND OPPPOSITION TO MOTION TO EXTEND TRO OR CONTINUE HEARING, FILED. | | |
| | Entered by: NORMA1 on 01/10/08 at 03:09pm | | |
| 01/11/08 | TEMPORARY REST. ORDER HEARING | | |
| | for Preliminary Injunction | | |
| 01/11/08 | CASE CALLED | | |
| | STEVE GONZALEZ FOR THE DEF; FRANK SABLE STANDING IN FOR DAVID CALVILLO FOR THE PLAINTIFF; TRO SET TILL JAN. 14 5:00 PM. PER JUDGE R.P.R. | | |

# Civil Docket
Court

Case No. C-3094-07-A                                    January 22nd, 2008
HIDALGO County                                                    8:11am

| Date | | Volume | Page |
|---|---|---|---|

### Events & Orders of the Court (cont.)

| | |
|---|---|
| 01/11/08 | Entered by: MFUENTES on 01/11/08 at 09:30am<br>ORDER, SIGNED<br>EXTENDING OF TEMPORARY RESTRAINING ORDER UNTIL 1/14/08 @ 5:00<br>PM, SIGNED BY JDUGE RPR; /DL<br>Entered by: DLOPEZ on 01/11/08 at 11:25am |
| 01/14/08 | MOTION FOR NON-SUIT<br>MOTION FOR NONSUIT WITHOUT PREJUDICE, FILED.<br>Entered by: NORMA1 on 01/15/08 at 08:56am |
| 01/14/08 | FIRST AMENDED<br>PLAINTIFF'S FIRST AMENDED ORIGINAL PETITION FOR DECLARATORY<br>JUDGMENT, PETITION FOR DAMAGES, AND PETITION FOR INJUNCTIVE<br>RELEIF, FILED.<br>Entered by: NORMA1 on 01/15/08 at 08:58am |
| 01/18/08 | ORDER SETTING HEARING SIGNED<br>DEF MTN TO QUASH SERVICE, MTN TO DISMISS, OR ALTERNATIVELY,<br>PLEA IN ABATEMENT, MOTION TO COMPEL ARBITRATION, RESPONSE TO<br>REQ FOR TEMP INJUNCTION, MTN TO DISSOLVE TEMP RESTRAINING ORDER<br>AND OPPOSITION TO MTN TO EXTEND TRO OR CONTINUE HEARING, SET<br>FOR 1/24/08 @ 9:00AM; FAXED TO ALL PARTIES; /DL<br>Entered by: DLOPEZ on 01/18/08 at 01:30pm |
| 01/24/08 | HEARING<br>Def's Motions |

### Fee Payment Information

Plaintiff Payments
Total Payments: 2
Total Paid    : $279.00

| | | | |
|---|---|---|---|
| 12/28/07 | CK | Rcpt # 160056 | $254.00 |
| 01/07/08 | CS | Rcpt # 160290 | $25.00 |



CAUSE NO. C-3094-07A

| | | |
|---|---|---|
| UNDERWRITERS MGA, INC. | § | IN THE DISTRICT COURT |
| | § | |
| V. | § | ___ JUDICIAL DISTRICT |
| | § | |
| AMERICAN SERVICE INSURANCE | § | |
| And AVALON RISK MANAGEMENT | § | OF HIDALGO COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION FOR DECLARATORY JUDGMENT, PETITION FOR DAMAGES, AND PETITION FOR INJUNCTIVE RELIEF

Petitioner UNDERWRITERS MGA, INC. files this Petition for Declaratory Judgment, Petition for Damages, and Petition for Injunctive Relief and would show the Court the following:

Discovery Control Plan. This matter may be managed pursuant to the requirements of a Level 2 Discovery Plan.

Parties.   Petitioner/Plaintiff UNDERWRITERS MGA, INC. is a Texas corporation with a principal place of business in Hidalgo County, Texas.

Defendant American Service Insurance Company is a Canadian corporation with its principal place of business in Elk Grove Village, Illinois, but doing business in Texas as that term is defined under Texas law. Said Defendant can be served by serving its registered agent for service of process, CT Corporation System, 350 N. St. Paul Street, Dallas, Texas 75201.

Defendant Avalon Risk Management, Inc. is a Texas corporation which can be served by serving its registered agent for service of process Eloy J. Vasquez at its principal place of business, 5433 Westheimer Road, Suite 410, Houston, Texas 77056.

Plaintiff specifically requests that citation be issued and that Defendants be served.

<u>Venue</u>

Venue is proper in Hidalgo County, Texas pursuant to the following provisions:

A) Hidalgo County is the county in which all or a substantial part of the events giving rise to the claim occurred as provided by TEX. CIV. PRAC. & REM. CODE § 15.002(a)(1); and

B) Hidalgo County is the county in which Plaintiff resided at the time of the accrual of the causes of action herein as provided by TEX. CIV. PRAC. & REM. CODE § 15.002(a)(4).

## **UNDERLYING FACTS**

Defendants constitute a single business enterprise, as that term is defined in Texas law. Additionally and/or alternatively, Defendants are alter egos of each other.

Defendants and Plaintiff entered into a contract, whereby Plaintiff would essentially act as a middleman for Defendants' insurance. In other words, Plaintiff would sell the policies, collect the premiums, and remit the appropriate amount to Defendants. In exchange, Defendants would insure the risks.

This contract contained a provision whereby Defendants could terminate the contract on thirty days notice "if losses incurred develop to 105% or more of the premium earned for any accident year". Defendants sought to invoke this provision, claiming that losses incurred were more than 105% of the premiums earned.

Defendants' contention is false.  Defendants have not been forced to pay a single loss this year.  Such determination that the losses involved are in excess of 105% are the result of financial and accounting manipulation, and possess no legitimate factual basis.

Furthermore, Defendants have completely failed to explain their financial manipulation.  They have refused to provide Plaintiff with an accounting, or to otherwise explain their conduct.

Unfortunately, if Defendants are allowed to follow through, Plaintiff will be out of business and consumers who purchased such insurance depending on insurance coverage may be left uninsured and at risk.  Plaintiff will have sold various insurance policies, but without an insurance company assuming the risks. As a result, Plaintiff is seeking relief from this Court.

## PETITION FOR DECLARATORY JUDGMENT

Petitioner is seeking a declaratory judgment in this matter.  In seeking a declaratory judgment, Petitioner requests that the Court declare the parties' respective rights and obligations regarding the following items:

a.  the definition of the term "losses incurred";

b.  the definition of the term "losses incurred develop to 105% or more of the premium earned";

c.  that no such losses were incurred in 2007; and

d.  that termination of the contract constitutes a breach.

Attorney's Fees

Pursuant to Chapter 37 of the Texas Civil Practice and Remedies Code, Petitioner respectfully requests that the Petitioner's reasonable and necessary attorney's fees be compensated. This includes contingent awards in the event of an appeal.

## REQUEST FOR AN ACCOUNTING

Petitioner requests that this Court require an accounting. Defendants should be required to account to Petitioner for its receipts and alleged losses, in order that the 105% of losses and premiums can be determined.

## PETITION FOR DAMAGES

The parties were involved in various agreements regarding the sale and issuance of motor vehicle insurance contracts sold and issued in the State of Texas. Nevertheless, Defendants have engaged and continue to engage in conduct which is in direct interference with Plaintiff's business, and its business relationships within the insurance industry. Furthermore, Defendants have notified that they are canceling the insurance contract, even though no losses have been incurred. Such conduct constitutes breach of contract. As a result of such conduct, Petitioner has been and will be harmed.

Additionally and/or alternatively, such conduct constitutes fraud. Defendants have deliberately manipulated the financial data in order to create a situation whereby they can terminate their contract, without actual compliance with the terms. As a result of such conduct, Petitioner has been and will be harmed.

All conditions precedent have been satisfied any/or excused.

Petitioner requests that all issues of fact, including liability and damages, be determined by a jury of its peers.

**PETITION FOR INJUNCTIVE RELIEF AGAINST DEFENDANTS**

Petitioner UNDERWRITERS MGA, INC. files this verified Petition for Injunctive Relief and would show the Court the following:

<u>Temporary Restraining Order and Injunctive Relief</u>

UNDERWRITERS MGA, INC. will suffer great, immediate and irreparable injury, loss and damage unless the Court intervenes to restrain Defendant's actions. As a result of Defendant's unlawful conduct, UNDERWRITERS MGA, INC.'s business is threatened with severe injury, for which it has no adequate legal remedy. Furthermore, unless the status quo is maintained between UMGA and Defendants, the harm sustained by Plaintiff's and Plaintiff's clients will be substantial and not easily quantifiable. The harm sustained by UNDERWRITERS MGA, INC.'s practice will continue and in all reasonable likelihood, cause severe and irreparable harm.

Accordingly, UNDERWRITERS MGA, INC. requests that the Court issue a temporary restraining order ("TRO") directed at Defendants, their agents, employees, officers and directors and all other people acting on behalf of Defendants, restraining, enjoining, prohibiting, and otherwise ordering them to cease and desist from engaging in the following:

a.    Threatening to or unilaterally undertaking steps to unjustifiably cancel or cause a non-renewal of insurance policies issued by UMGA pursuant to its contract with Defendants;

b.      Canceling its contract with Petitioner;

c.      Communicating any threats calling into question the validity or legal effect of insurance policies issued by or pursuant to its contract with Underwriters MGA, Inc.;

d.      Taking any action in direct contravention of the rights or obligations afforded to Underwriters MGA, Inc. pursuant to the contract executed between the parties;

e.      Preventing or interfering in any way any third party from renewing its contracts for insurance policies with UMGA pursuant to its contract with Defendants;

f.      Conspiring with third parties to interfere with UMGA's business relationships with independent insurance agents, consumers/insureds, or third parties.

UNDERWRITERS MGA, INC. has suffered and will continue to suffer great, immediate, and irreparable harm and potential loss of revenue due to Defendants' actions. UNDERWRITERS MGA, INC. has no adequate remedy at law for the damages that may be caused by Defendants if they are not restrained or prohibited as requested above.

Because time is of the essence, and because of the nature of the harm, Petitioner requests the entry of a temporary restraining order, *ex parte*, without notice in order to preserve the status quo. Furthermore, UNDERWRITERS MGA, INC. further requests that, to preserve the status quo and their rights during the pendency of this action, Defendants should be cited to appear and

show cause why, after issuance of the Temporary Restraining Order and before the Order expires, that the Court should not issue a temporary injunction.

Underwriters MGA, Inc. further requests that upon final trial, the temporary injunction, as requested above, be transformed into a permanent injunction. A nominal bond is sufficient since Defendants will not be injured by an injunction.

WHEREFORE PREMISES CONSIDERED, Petitioner Underwriters MGA, Inc. requests that the Court:

a.   Grant its application for a Temporary Restraining Order;

b.   Declare the parties rights and obligations as set forth above;

c.   Set a hearing for issuance of a temporary injunction, and, after hearing, grant a Temporary Injunction as requested herein on or before the expiration of the Temporary Restraining Order;

c.   On final trial, enter a permanent injunction against Defendants as requested herein;

e.   Award UNDERWRITERS MGA, INC. their reasonable and necessary attorney's fees, including contingent awards in the event of appeal;

f.   Order an accounting;

g.   After a trial on the merits, enter a judgment in favor of UNDERWRITERS MGA, INC. and against Defendants for actual in an amount determined by the trier of fact;

h.   Grant UNDERWRITERS MGA, INC. such other and further relief to which he may be justly entitled.

Respectfully submitted,

**DAVID N. CALVILLO**
State Bar No. 03673000
**CALVILLO LAW FIRM**
711 Nolana Loop
Suite 105
McAllen, Texas 78504
Telephone: 956.664.1000
Telecopier: 956.664.1005
Email: david@calvillolaw.com

## VERIFICATION

STATE OF TEXAS       &

                               &

COUNTY OF HIDALGO    &

      Before me, the undersigned Notary Public, on this day personally appeared Leobardo Tamez, who, after being duly sworn, stated under oath that he is an officer / director for Underwriters MGA, Inc. a Plaintiff/Applicant in this action; that he has read the above pleading; and that every statement contained therein is within his personal knowledge as an officer or director of the company and is true and correct.

                                    Leobardo Tamez

SUBSCRIBED AND SWORN TO BEFORE ME on December 28, 2007.

_____ [signature]

_____ [typed name]

Notary Public in and for
the State of Texas
My commission expires
4-26-09

THELMA B. ZAMORANO
MY COMMISSION EXPIRES
April 26, 2009

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| UNDERWRITERS MGA, INC. | § | |
| | § | |
| **Plaintiff,** | § | |
| vs. | § | |
| | § | |
| AMERICAN SERVICE INSURANCE | § | |
| And AVALON RISK MANAGEMENT | § | CIVIL ACTION NO. _____ |
| | § | |
| **Defendants.** | § | |
| | § | |

## DEFENDANTS' NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF SAID COURT:

Come now Defendants American Service Insurance ("ASI") and Avalon Risk Management ("Avalon" ). and file this Notice of Removal and state:

## I.    STATE PROCEEDING

An action was commenced against Defendants in the 92ND Judicial District Court, Hidalgo County, Texas, on December 28, 2007. The action is styled *Underwriters MGA, Incl v. American Service Insurance and Avalon Risk Management*, Cause No. C-3094-07-A. Plaintiff asserted causes of action for breach of contract and fraud based upon an insurance Program Manager Agreement between the parties.

Plaintiff demanded a trial by jury.

## II.    TIMELINESS

Defendant Avalon was served certified mail on January 8, 2008. Defendant ASI has never been properly served in the underlying state action.

This Notice of Removal is being filed within thirty (30) days after the receipt by Defendants of the Plaintiff's Original Petition and is timely filed.

### III.    DIVERSITY JURISDICTION

This case is removable based upon diversity jurisdiction pursuant to 28 U.S.C. § 1332. Plaintiff is a resident of Texas, while both Defendants are residents of Illinois. Both Defendants are incorporated in Illinois and have their principal place of business in Illinois. Neither Defendant is a resident of Texas. Plaintiff's allegations in the state court pleadings that ASI is a Canadian corporation and Avalon is a Texas corporation are false. Moreover, Defendant Avalon has had no involvement in the facts made the basis of this lawsuit and Plaintiff has no connection to any of Plaintiff's claims. Plaintiff's false allegations constitute fraudulent or improper joinder for the purpose of unlawfully attempting to defeat diversity and should be disregarded.

The amount in controversy exceeds $75,000.00.

This case is removable pursuant to 28 U.S.C. §§ 1441 and 1446.

### IV.    VENUE

Removal venue is appropriate because the McAllen Division of the Southern District of Texas embraces the place where the state court action is pending, namely, Hidalgo County.

### V.    STATE COURT NOTICE & PLEADINGS

Contemporaneous with the filing of this Notice of Removal, Defendants have given the 92ND Judicial District Court, Hidalgo County, Texas, written notice of the same, a copy of which is attached hereto.

A copy of all state court docket sheets, process, pleadings and orders served in this action are attached hereto as Exhibit "A" and are incorporated herein, including the following:

1.    Plaintiff's Original Petition for Declaratory Judgment, Petition for Damages, and petition for Injunctive Relief;

2.    Temporary Restraining Order & Order setting Hearing for Preliminary Injunction;

3.      Original Petition for Intevention and for Declaratory Judgment, Petition for Damages, and Petition for Injunctive Relief;

4.      (Amended) Temporary Restraining Order & Order setting hearing for preliminary injunction;

5.      Citation served on Avalon Risk Management;

6.      Motion for Extension of Temporary Restraining Order;

7.      Defendants' Motion to Quash Service, Motion to Dismiss, or alternatively, Plea in Abatement, Motion to Compel Arbitration, Response to Request for Temporary Injunction, Motion to Dissolve Temporary Restraining Order, and Opposition to Motion to Extend TRO or Continue Hearing;

8.      Order Extending Temporary Restraining Order;

9.      Plaintiff's First Amended Original Petition for Declaratory Judgment, Petition for Damages, and Petition for Injunctive Relief;

10.      Motion for Nonsuit Without Prejudice by Intervenor NAFTA against Defendants;

11.      Order Setting Hearing.

12.      Notice of Removal (State)

Also, attached hereto and incorporated herein by reference as Exhibits "B" and "C" respectively are the following information required by local rule LR 81: a list of all parties and attorneys; an index of matters being filed with the court.

WHEREFORE, Defendants respectfully remove this action to this Court.

Respectfully submitted,

By: _____/s Michael K. Hurst_____
            Michael K. Hurst, Lead Counsel

MICHAEL K. HURST, Lead Counsel
State Bar No. 10316310
e-mail: mhurst@ghjhlaw.com
VANESSA J. RUSH, Of-Counsel
State Bar No. 24013434
e-mail: vrush@ghjhlaw.com

**GRUBER HURST JOHANSEN & HAIL LLP**
1445 Ross Avenue, 25th Floor
Dallas, TX 75202
Telephone (214) 855-6800

Facsimile (214) 855-6808

And

STEVEN M. GONZALEZ
State Bar No. 09131900
**GONZALEZ PALACIOS, LLP**
1317 E. Quebec Ave.
McAllen, Texas 78503
Telephone (956) 618-0115
Facsimile (956) 618-0445

**ATTORNEYS FOR AMERICAN SERVICE
INSURANCE AND AVALON RISK
MANAGEMENT**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document was provided to all counsel of record as indicated below via certified mail, return receipt requested on this 23rd day of January, 2008:

**VIA FACSIMILE**
David N. Calvillo
Calvillo Law Firm
711 Nolana Loop
Suite 105
McAllen, TX 78504

_____/s Vanessa J. Rush_____
Vanessa J. Rush

**EXHIBIT C**

MAG

**U.S. District Court**
**SOUTHERN DISTRICT OF TEXAS (McAllen)**
**CIVIL DOCKET FOR CASE #: 7:08-cv-00016**

| | |
|---|---|
| Underwriters MGA, Inc. v. American Service Insurance et al | Date Filed: 01/23/2008 |
| Assigned to: Judge Ricardo H. Hinojosa | Jury Demand: Defendant |
| Demand: $-1,539,607,552 | Nature of Suit: 190 Contract: Other |
| Case in other court: 197th Judicial Court, Cameron County, Texas, 08-00001-0188-C | Jurisdiction: Diversity |
| Cause: 28:1332 Diversity-Contract Dispute | |

**Plaintiff**

**Underwriters MGA, Inc.**                    represented by **David N Calvillo**
Calvillo Law Firm
711 Nolana Loop
Ste 105
McAllen, TX 78504
956-664-1000
Fax: 956-664-1005
Email: david@calvillolaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Frank Sabo**
Daw & Ray
4301 McColl Road
Ste 102
McAllen, TX 78504
956-682-3121
Fax: 956-316-1432 fax
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**American Service Insurance**                    represented by **Michael K Hurst**
Gruber Hurst et al
1445 Ross Avenue
2500 Fountain Pl
Dallas, Tx 75202
214-855-6800
Fax: 214-855-6808
Email: mhurst@ghjhlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

Steven Matthew Gonzalez
Gonzalez Gaytan et al
1317 E Quebec Ave
McAllen, TX 78501
956-618-0115
Fax: 956-618-0445 fax
*ATTORNEY TO BE NOTICED*

Vanessa Jean Rush
Gruber Hurst Johansen and Hall
1445 Ross Avenue
Suite 4800
Dallas, TX 75202
214-855-6800
Fax: 214-855-6808
Email: vrush@ghjhlaw.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Avalon Risk Management**                represented by   **Michael K Hurst**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Steven Matthew Gonzalez**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Vanessa Jean Rush**
(See above for address)
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|------------|---|-------------|
| 01/23/2008 | 1 | Civil Cover Sheet - NOTICE OF REMOVAL from 197th Judicial Court, Cameron County, Texas, case number 2008-01-0188-C (Filing fee $ 350 receipt number 3408569) filed by American Service Insurance, Avalon Risk Management.(Hurst, Michael) Modified on 1/24/2008 (mmar, ). (Entered: 01/23/2008) |
| 01/23/2008 | 2 | NOTICE OF REMOVAL from 197th Judicial Court, Cameron County, Texas, case number 2008-01-0188-C (Filing fee $ 350 receipt number 3409208) filed by American Service Insurance, Avalon Risk Management. (Attachments: # 1 Exhibit A# 2 Exhibit A (Part 2# 3 Exhibit A (Part 3)# 4 Exhibit A (Part 4)# 5 Exhibit B# 6 Exhibit C) (Hurst, Michael) (Entered: 01/23/2008) |
| 01/24/2008 | 3 | ORDER for Initial Pretrial and Scheduling Conference and Order to Disclose Interested Persons. Initial Conference set for 4/9/2008 at 02:30 PM before Judge Ricardo H. Hinojosa. Parties notified.(bgarces, ) |

| 01/25/2008 | | (Entered: 01/24/2008) |
| --- | --- | --- |
| | | Refund issued via Pay.Gov to Gruber Hurst Johansen & Hail, LLP for receipt number 3409208, amount $350.00. Filing fee paid twice., filed. (sgreen, ) Modified on 1/25/2008 (sgreen, ). (Entered: 01/25/2008) |

| PACER Service Center | | |
| --- | --- | --- |
| **Transaction Receipt** | | |
| 01/30/2008 08:34:34 | | |
| **PACER Login:** | fp0009 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 7:08-cv-00016 |
| **Billable Pages:** | 1 | **Cost:** | 0.08 |

**EXHIBIT D**

FILED _10:04_ O'CLOCK _A_ M
AURORA DE LA GARZA, CLERK

JAN 1 4 2008

Cause No. _2008-01-0188-C_

| | | |
|---|---|---|
| NAFTA GENERAL AGENCY, INC. | § | IN THE DISTRICT COURT |
| | § | |
| V. | § | 197th JUDICIAL DISTRICT |
| | § | |
| AMERICAN SERVICE INSURANCE | § | |
| And AVALON RISK MANAGEMENT | § | CAMERON COUNTY, TEXAS |

## ORIGINAL PETITION FOR INTERVENTION AND FOR DECLARATORY JUDGMENT, PETITION FOR DAMAGES, AND PETITION FOR INJUNCTIVE RELIEF

TO SAID HONORABLE COURT:

NOW COMES, Petitioner NAFTA GENERAL AGENCY, INC. and files this Petition for Declaratory Judgment, Petition for Damages, and Petition for Injunctive Relief and would show the Court the following:

<u>Discovery Control Plan.</u> This matter may be managed pursuant to the requirements of a Level 2 Discovery Plan.

<u>Parties.</u> Plaintiff NAFTA GENERAL AGENCY, INC. is a Texas corporation with a principal place of business in Cameron County, Texas.

Defendant American Service Insurance Company is a Canadian corporation with its principal place of business in Illinois, but doing business in Texas as that term is defined under Texas law. Said Defendant can be served by serving its registered agent for service of process, CT Corporation System, 350 N. St. Paul Street, Dallas, Texas 75201.

Defendant Avalon Risk Management, Inc. is a Texas corporation which can be served by serving its president, vice-president or any other manager at its principal place of business, 5433 Westheimer Road, Suite 410, Houston, Texas 77056.

- 1 -

Plaintiff specifically requests that citation be issued and that Defendants be served.

Venue

Venue is proper in Cameron County, Texas pursuant to the following provisions:

A) Cameron County is the county in which all or a substantial part of the events giving rise to the claim occurred as provided by TEX. CIV. PRAC. & REM. CODE § 15.002(a)(1); and

B) Cameron County is the county in which Plaintiff resided at the time of the accrual of the causes of action herein as provided by TEX. CIV. PRAC. & REM. CODE § 15.002(a)(4).

## UNDERLYING FACTS

Defendants constitute a single business enterprise, as that term is defined in Texas law. Additionally and/or alternatively, Defendants are alter egos of each other.

Defendants and Plaintiff entered into a contract, whereby Plaintiff would essentially act as a middleman for Defendants' insurance. In other words, Plaintiff would sell the policies, collect the premiums, and remit the appropriate amount to Defendants. In exchange, Defendants would insure the risks.

This contract contained a provision whereby Defendants could terminate the contract on thirty days notice "if losses incurred develop to 105% or more of the premium earned for any accident year". Defendants sought to invoke this provision, claiming that losses incurred were more than 105% of the premiums earned.

Defendants' contention is false. Defendants have not been forced to pay a single loss this year. Such determination that the losses involved are in excess of 105% are the result of financial manipulation, and possess no legitimate factual basis.

Furthermore, Defendants have completely failed to explain their financial manipulation. They have refused to provide Plaintiff with an accounting, or to otherwise explain their conduct.

Unfortunately, if Defendants are allowed to follow through, Plaintiff will be out of business. Plaintiff will have sold various insurance policies, but without an insurance company assuming the risks. As a result, Plaintiff is seeking relief from this Court.

## PETITION FOR DECLARATORY JUDGMENT

Petitioner is seeking a declaratory judgment in this matter. In seeking a declaratory judgment, Petitioner requests that the Court declare the parties' respective rights and obligations regarding the following items:

   a.  the definition of the term "losses incurred";

   b.  the definition of the term "losses incurred develop to 105% or more of the premium earned";

   c.  that no such losses were incurred in 2007; and

   d.  that termination of the contract constitutes a breach.

### Attorney's Fees

Pursuant to Chapter 37 of the Texas Civil Practice and Remedies Code, Petitioner respectfully requests that the Petitioner's reasonable and necessary

- 3 -

attorney's fees be compensated. This includes contingent awards in the event of an appeal.

## REQUEST FOR AN ACCOUNTING

Petitioner requests that this Court require an accounting. Defendants should be required to account to Petitioner for its receipts and alleged losses, in order that the 105% of losses and premiums can be determined.

## PETITION FOR DAMAGES

The parties were involved in various agreements regarding the sale and issuance of motor vehicle insurance contracts sold and issued in the State of Texas. Nevertheless, Defendants have engaged and continue to engage in conduct which is in direct interference with Plaintiff's business, and its business relationships within the insurance industry. Furthermore, Defendants have notified that they are canceling the insurance contract, even though no losses have been incurred. Such conduct constitutes breach of contract. As a result of such conduct, Petitioner has been and will be harmed.

Additionally and/or alternatively, such conduct constitutes fraud. Defendants have deliberately manipulated the financial data in order to create a situation whereby they can terminate their contract, without actual compliance with the terms. As a result of such conduct, Petitioner has been and will be harmed.

All conditions precedent have been satisfied any/or excused.

Petitioner requests that all issues of fact, including liability and damages, be determined by a jury of its peers.

## PETITION FOR INJUNCTIVE RELIEF AGAINST DEFENDANTS

Petitioner NAFTA GENERAL AGENCY, INC. files this verified Petition for Injunctive Relief and would show the Court the following:

### Temporary Restraining Order and Injunctive Relief

NAFTA GENERAL AGENCY, INC. will suffer great, immediate and irreparable injury, loss and damage unless the Court intervenes to restrain Defendant's actions. As a result of Defendant's unlawful conduct, NAFTA GENERAL AGENCY, INC.'s business is threatened with severe injury, for which it has no adequate legal remedy. Furthermore, unless the status quo is maintained between NAFTA and Defendants, the harm sustained by Plaintiff's and Plaintiff's clients will be substantial and not easily quantifiable. The harm sustained by NAFTA GENERAL AGENCY, INC.'s practice will continue and in all reasonable likelihood, cause severe and irreparable harm.

Accordingly, NAFTA GENERAL AGENCY, INC. requests that the Court issue a temporary restraining order ("TRO") directed at Defendants, their agents, employees, officers and directors and all other people acting on behalf of Defendants, restraining, enjoining, prohibiting, and otherwise ordering them to cease and desist from engaging in the following:

a.   Threatening to or unilaterally undertaking steps to unjustifiably cancel or cause a non-renewal of insurance policies issued by NAFTA pursuant to its contract with Defendants;

b.   Canceling its contract with Petitioner;

- 5 -

   c.    Communicating any threats calling into question the validity or legal effect of insurance policies issued by or pursuant to its contract with NAFTA General Agency, Inc.;

   d.    Taking any action in direct contravention of the rights or obligations afforded to NAFTA General Agency, Inc. pursuant to the contract executed between the parties;

   e.    Preventing or interfering in any way any third party from renewing its contracts for insurance policies with NAFTA pursuant to its contract with Defendants;

   f.    Conspiring with third parties to interfere with NAFTA's business relationships with independent insurance agents, consumers/insureds, or third parties.

NAFTA GENERAL AGENCY, INC. has suffered and will continue to suffer great, immediate, and irreparable harm and potential loss of revenue due to Defendants' actions. NAFTA GENERAL AGENCY, INC. has no adequate remedy at law for the damages that may be caused by Defendants if they are not restrained or prohibited as requested above.

Because time is of the essence, and because of the nature of the harm, Petitioner requests the entry of a temporary restraining order, *ex parte*, without notice in order to preserve the status quo. Furthermore, NAFTA GENERAL AGENCY, INC. further requests that, to preserve the status quo and their rights during the pendency of this action, Defendants should be cited to appear and show cause why, after issuance of the Temporary Restraining Order and before

the Order expires, that the Court should not issue a temporary injunction.

NAFTA General Agency, Inc. further requests that upon final trial, the temporary injunction, as requested above, be transformed into a permanent injunction. A nominal bond is sufficient since Defendants will not be injured by an injunction.

WHEREFORE PREMISES CONSIDERED, Petitioner NAFTA General Agency, Inc. requests that the Court:

     a.     Grant its application for a Temporary Restraining Order;

     b.     Declare the parties rights and obligations as set forth above;

     c.     Set a hearing for issuance of a temporary injunction, and, after hearing, grant a Temporary Injunction as requested herein on or before the expiration of the Temporary Restraining Order;

     c.     On final trial, enter a permanent injunction against Defendants as requested herein;

     e.     Award NAFTA GENERAL AGENCY, INC. their reasonable and necessary attorney's fees, including contingent awards in the event of appeal;

     f.     Order an accounting;

     g.     After a trial on the merits, enter a judgment in favor of NAFTA GENERAL AGENCY, INC. and against Defendants for actual in an amount determined by the trier of fact;

     h.     Grant NAFTA GENERAL AGENCY, INC. such other and further relief to which he may be justly entitled.

Respectfully submitted,

**ANTHONY P. TROIANI**
State Bar No. 00795914
**Anthony P. Troiani, P.C.**
700 Paredes Ave., Ste. 107
Brownsville, Texas 78521
Telephone: 956.541-4235
Telecopier: 956.541-9174

Email: aptroiani@aol.com

IGNACIO TORTEYA
State Bar No. 00795685
Torteya & Torteya, PLLC
700 E. Washington
Brownsville, Texas 78520
Telephone:  956.550-8373
Telcopier: 956.550-8353

Email: lgnacio@torteyalawfirm.com

- 8 -

VERIFICATION

STATE OF TEXAS          &
                                 &
COUNTY OF CAMERON   &

     Before me, the undersigned Notary Public, on this day personally appeared Daniel Hernandez, who, after being duly sworn, stated under oath that he is an officer / director for NAFTA General Agency, Inc. a Plaintiff/Applicant in this action; that he has read the above pleading; and that every statement contained therein is within his personal knowledge and is true and correct.

Daniel Hernandez,
NAFTA General Agency, Inc.

SUBSCRIBED AND SWORN TO BEFORE ME on January 14, 2007.

Notary Public in and for
the State of Texas
My commission expires

BERTHA GARAY
Notary Public, State of Texas
My Commission Expires
July 24, 2011

- 9 -