# EXHIBIT A

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| AMERICAN SERVICE INSURANCE COMPANY, an Illinois insurance company, ) ) ) Plaintiff, ) ) v. ) ) NAFTA GENERAL AGENCY, a Texas, ) Corporation, UNDERWRITERS MGA, Inc., ) a Texas corporation, and RAMON VILLARREAL, ) an individual, ) ) Defendants. ) | Case No. 08 CV 443  Judge David H. Coar |

## ORDER EXTENDING TEMPORARY RESTRAINING ORDER

This Matter coming to be heard pursuant to the Motion for Preliminary Injunction or, in the alternative, to Extend Temporary Restraining Order of the Plaintiff, American Service Insurance Company, pursuant to Rule 65 of the Federal Rules of Civil Procedure, all parties having been notified and having been given the opportunity to be heard, the Court having been apprised of the premises, the Court having read Plaintiff's Motion for Preliminary Injunction or, in the alternative, to Extend Temporary Restraining Order, and Defendants' Motion to Dismiss or Stay This Proceeding, having reviewed the caselaw and authority cited therein and having heard argument of counsel,

The Court Finds:

1. The Court has jurisdiction over the subject matter and parties involved in this action;

2. The Plaintiff is likely to succeed on the merits of its declaratory judgment, breach of contract, breach of fiduciary duty and conversion claims;

1

3. ~~The Plaintiff is suffering an imminent threat of irreparable harm to its good will and its reputation from the Defendants' ongoing sales and marketing of insurance, and Defendants' withholding of policies and materials bearing the Plaintiff's name as well as the imminent threat that the Defendants will dissipate Plaintiff's assets;~~

4. ~~There is not an adequate remedy at law because a legal remedy will not prevent the Defendants from continuing to hold themselves out as representing the Plaintiff in selling and serving insurance polices or from instituting new legal actions addressing the parties' Plaintiff's termination of the Agreement;~~

5. ~~The balancing of harms favors the Plaintiff since the Plaintiff faces an imminent threat of serious injury while the Defendants are not entitled to protection for their unauthorized conduct; and~~

6. ~~There is a public interest in preventing the Defendants from disseminating unauthorized insurance policies and documents.~~

7. Judge David H. Coar entered a Temporary Restraining Order on January 22, 2008, after having heard arguments of counsel for all parties.

8. Judge David H. Coar is out of the office and will not return until February 4, 2008, at the earliest.

9. The Plaintiff has shown good cause for extending the Temporary Restraining Order entered by Judge David H. Coar on January 22, 2008.

IT IS THEREFORE HEREBY ADJUDGED, ORDERED AND DECREED AS FOLLOWS:

1. That the Temporary Restraining Order entered by Judge David H. Coar on January 22, 2008, is extended in full force and effect until February **4**, 2008, at **10 a**.m. *except for paragraph 4, which paragraph is struck without prejudice.*

2

2. Plaintiff's Motion for Preliminary Injunction is entered and continued for hearing until February 4, 2008, at 10 a.m.

Dated: January 31, 2008 at ___ p.m.

3. Defendants' Motion to Dismiss is continued for hearing on February 4, 2008 at 10:00 a.m.

ENTER:

Blanche M. Manning
United States District Court Judge

1/31/2008

*Order prepared by:*
Patrick M. Hincks
Desmond Patrick Curran
Matthew P. Barrette
Sullivan Hincks & Conway
120 W. 22nd Street, Suite 100
Oak Brook, IL 60523

3

# EXHIBIT B

Cause No. C-3094-07-A

| | | |
|---|---|---|
| UNDERWRITERS MGA, INC. | § | IN THE DISTRICT COURT |
| | § | |
| V. | § | 92 JUDICIAL DISTRICT |
| | § | |
| AMERICAN SERVICE INSURANCE | § | |
| And AVALON RISK MANAGEMENT | § | OF HIDALGO COUNTY, TEXAS |

### TEMPORARY RESTRAINING ORDER & ORDER SETTING HEARING FOR PRELIMINARY INJUNCTION

After considering Plaintiff's verified application for temporary restraining order, the pleadings, the affidavits, and arguments of counsel, the court finds there is evidence that harm is imminent to Plaintiff, and if the court does not issue the temporary restraining order, Plaintiff will be irreparably injured because it will be unable to fully and completely comply with his professional, contractual, and ethical obligations under its contracts with its consumers.

An ex parte order, without notice to Defendants, was necessary because there was not enough time to give notice to Defendant, hold a hearing, and issue a restraining order before the irreparable injury, loss or damage occurred. Specifically, Defendants may have already interfered with Plaintiff's ability to satisfy their professional, contractual, and ethical obligations.

Therefore, the court restrains, enjoins, and prohibits Defendants, their agents, officers, directors, employees, shareholders, and others acting on its behalf from engaging in any of the following:

a. Communicating any false or misleading information to consumers-insureds, regulatory authorities, and/or third parties concerning the

insurance policies that derive from the contractual relationship between UMGA and Defendants;

b. Threatening to or unilaterally undertaking steps to unjustifiably cancel or cause a non-renewal of insurance policies issued by UMGA pursuant to its contract with Defendants;

c. Communicating any threats calling into question the validity or legal effect of insurance policies issued by or pursuant to its contract with Underwriters MGA, Inc.;

d. Taking any action in direct contravention of the rights or obligations afforded to Underwriters MGA, Inc. pursuant to the contract executed between the parties, including canceling or terminating the contract;

e. Preventing or interfering in any way any third party from renewing its contracts for insurance policies with UMGA pursuant to its contract with Defendants.

The Court further Orders the clerk to issue notice to Defendants that the hearing on Plaintiff's application for temporary injunction is set for January __11th__, 2008, at __8:30 a.m.__/p.m. The purpose of the hearing shall be to determine whether this temporary restraining order should be made a temporary injunction pending a full trial on the merits.

The court hereby sets bond at $ __500.00__.

SIGNED on December __28th__, 2007, at __12:35__ a.m./p.m.

_____
PRESIDING JUDGE

- 11 -

Cause No. 2008-01-0188-C

| | | |
|---|---|---|
| NAFTA GENERAL AGENCY, INC. | § | IN THE DISTRICT COURT |
| | § | |
| V. | § | 197th JUDICIAL DISTRICT |
| | § | |
| AMERICAN SERVICE INSURANCE | § | |
| And AVALON RISK MANAGEMENT | § | CAMERON COUNTY, TEXAS |

**TEMPORARY RESTRAINING ORDER &**
**ORDER SETTING HEARING FOR PRELIMINARY INJUNCTION**

After considering Plaintiff's verified application for temporary restraining order, the pleadings, the affidavits, and arguments of counsel, the court finds there is evidence that harm is imminent to Plaintiff, and if the court does not issue the temporary restraining order, Plaintiff will be irreparably injured because it will be unable to fully and completely comply with his professional, contractual, and ethical obligations under its contracts with its consumers.

An ex parte order, without notice to Defendants, was necessary because there was not enough time to give notice to Defendant, hold a hearing, and issue a restraining order before the irreparable injury, loss or damage occurred. Specifically, Defendants may have already interfered with Plaintiff's ability to satisfy their professional, contractual, and ethical obligations.

Therefore, the court restrains, enjoins, and prohibits Defendants, their agents, officers, directors, employees, shareholders, and others acting on its behalf from engaging in any of the following:

a. Communicating any false or misleading information to consumers-insureds, regulatory authorities, and/or third parties concerning the

insurance policies that derive from the contractual relationship between NAFTA and Defendants;

b. Threatening to or unilaterally undertaking steps to unjustifiably cancel or cause a non-renewal of insurance policies issued by NAFTA pursuant to its contract with Defendants;

c. Communicating any threats calling into question the validity or legal effect of insurance policies issued by or pursuant to its contract with NAFTA General Agency, Inc.;

d. Taking any action in direct contravention of the rights or obligations afforded to NAFTA General Agency, Inc. pursuant to the contract executed between the parties, including canceling or terminating the contract;

e. Preventing or interfering in any way any third party from renewing its contracts for insurance policies with NAFTA pursuant to its contract with Defendants.

The Court further Orders the clerk to issue notice to Defendants that the hearing on Plaintiff's application for temporary injunction is set for January 25, 2008, at 9:00 a.m. The purpose of the hearing shall be to determine whether this temporary restraining order should be made a temporary injunction pending a full trial on the merits.

The court hereby sets bond at $ 500.00, which should be deposited into the registry of the Court.

SIGNED on January 14, 2008, at 9:55 a.m./p.m.

_[signature]_
PRESIDING JUDGE

FILED 4:00 O'CLOCK P
AURORA DE LA GARZA DIST. CLERK
JAN 14 2008
DISTRICT COURT OF CAMERON COUNTY TEXAS
_[signature]_ DEPUTY

01/14/2008
COPIES TO:
ANTHONY TROIANI
CITATION & PRECEPT ON DEFENDANT/CERTIFIED MAIL