IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AMERICAN SERVICE INSURANCE COMPANY, an Illinois insurance company, ) ) ) Plaintiff, ) ) v. ) ) NAFTA GENERAL AGENCY, ) UNDERWRITERS MGA, INC., and ) RAMON VILLARREAL, ) ) Defendants. ) | Case No. 08 CV 443 Judge David H. Coar |

## MOTION FOR RULE TO SHOW CAUSE

Now Comes the Plaintiff, American Services Insurance Company ("ASI"), by and through its attorneys, Sullivan Hincks & Conway, and hereby moves this Honorable Court for a Rule to Show Cause as to why Ramon Villarreal ("Villarreal"), Daniel Hernandez ("Hernandez"), NAFTA General Agency ("NAFTA"), and Underwriters MGA, Inc. ("UMGA"), should not be held in contempt by this Court. In support of its Motion, ASI states as follows:

### INTRODUCTION

This Motion is filed as a result of numerous violations by Respondents of the Temporary Restraining Order entered by this Court on January 22, 2008, and continued by agreement of the parties on February 4, 2008. Notwithstanding the Court's order enjoining Defendants, their officers, agents, servants, employees, and persons acting in concert with Defendants, from selling ASI insurance policies, Defendants, and persons acting on behalf of and in concert with Defendants, have openly and repeatedly flouted this Court's order by authorizing the issuance of certificates of insurance and by selling insurance policies to members of the driving public. As

1

such, NAFTA and UMGA and Villarreal and Hernandez should be held in contempt for their open violation of this Court's Orders.

## BACKGROUND

On January 22, 2008, after hearing argument of David N. Calvillo, counsel for Defendants appearing by telephone, this Court entered a Temporary Restraining Order ("January 22 TRO") in this matter, a copy of which is attached hereto as Exhibit "1". In part, the January 22 TRO stated as follows:

> 1. The Defendants, NAFTA General Agency, Underwriters MGA, Inc., and Ramon Villarreal, and any of their officers, agents, servants, employees, attorneys, or any person or entity acting in concert with or participating with any of the foregoing are hereby immediately enjoined, restrained and prohibited from soliciting, selling or renewing any American Service Insurance Company ("ASI") insurance policies.

Immediately after the hearing, ASI sent notice of the entry of the January 22 TRO to Defendants by serving a copy of the Order via overnight mail on NAFTA c/o Daniel Hernandez, to UMGA c/o Ramon Villarreal, to Villarreal, NAFTA and UMGA's attorneys David N. Calvillo in McAllen, Texas, and Anthony P. Troiano in Brownsville, Texas, and to Messrs. Calvillo and Troiano via facsimile. See Notice of Entry of Order attached hereto as Exhibit "2".

On January 28, 2008, ASI filed a Motion for Preliminary Injunction and, a day later, Illinois counsel appeared in this matter. Following a hearing before Judge Blanche Manning on January 31, 2008, this matter was continued to February 4, 2008 to be heard before Judge David H. Coar. On February 4, 2008, the parties appeared before this Court and, after ASI presented its case for entry of a preliminary injunction, Defendants offered and ASI agreed to extend the January 22 TRO with certain alterations in the form attached hereto as Exhibit "3". In agreeing to extend the TRO, the parties did not modify the prohibition specified in paragraph 1 of the January 22 TRO excerpted above.

2

It has since come to ASI's attention that NAFTA and UMGA violated this Court's Orders on numerous occasions, including the following five:

1. On January 23, 2008, NAFTA issued ten (10) separate certificates of insurance to Mexican truck drivers wishing to enter into the United States. Each one of the certificates issued was signed by Daniel Hernandez, the Director of Operations for NAFTA who had earlier signed the Program Manager Agreement on behalf of NAFTA. The certificates also indicate that they are certificates for ASI policies. See Exh. "A" to the Declaration of Stephen Bosy attached hereto as Exhibit "4".

2. On January 23, 2008, UMGA issued two (2) certificates of commercial insurance to Mexican nationals. Each certificate issued by UMGA also indicated ASI in the header. See Exh. "B" to the Declaration of Stephen Bosy attached hereto as Exhibit "4".

3. On January 24, 2008, NAFTA issued a further certificate of commercial insurance to a Mexican truck driver seeking entry into the United States in Nogales, Arizona. Like the other NAFTA certificates, this certificate was signed by Daniel Hernandez and also indicated ASI in the header. See Exh. C to the Declaration of Stephen Bosy attached hereto as Exhibit "4".

4. On February 5, 2008, Arimex issued the insurance policy attached as Exhibit "A" to the Affidavit of Jose Luis Adame. The insurance policy, containing the signature of Daniel Hernandez, clearly indicates that it is an ASI insurance policy being issued and that it is issued under the auspices of NAFTA. See Exhs. "A" and "B" to the Affidavit of Jose Luis Adame attached hereto as Exhibit "5".

Egregiously, each certificate identified above states in tiny print at the bottom, "THIS CERTIFICATE OF INSURANCE WILL NOT BE ABLE TO BE SOLD AFTER 01/08/2008." This term is both egregious and unconscionable. Not only are NAFTA and UMGA violating this

3

Court's Order by purporting to issue insurance policies, but they are essentially also attempting to defraud the public by inserting in tiny print language intended to disclaim responsibility for policies *vis a vis* the driving public issued after January 8, 2008.

Each of the certificates of insurance specifically identified are believed to be merely a fraction of the certificates issued by Defendants. The specifically-identified certificates are solely the ones that ASI's contact with the FMCSA has gathered to date and the Arimex policy issued under the auspices of NAFTA is only one of what are believed to be hundreds of such policies issued.

5. Additionally, the January 22 TRO required Defendants to deliver to ASI any records pertaining to business transactions conducted under the Program Manager Agreement, and the Order extending the TRO, entered effective February 4, 2008 required Defendants to immediately deliver to ASI's counsel of record in this action all ASI policies or certificates issued or renewed since December 31, 2007 that are in their possession or control. Despite Defendants' agreement and counsel's representation at the February 4, 2008 hearing that Defendants would turn over policies issued after December 31, 2007, no such policies have been delivered.

Each of the instances indicated above represents a flagrant violation of this Court's January 22 TRO and the February 4, 2008, extension of the TRO justifying a finding that the Defendants are in contempt of this Court.

## **ARGUMENT**

Federal Rule of Civil Procedure 65(d)(2) states that a temporary restraining order or preliminary injunction entered by the court binds parties, their officers, agents, servants, employees and attorneys, and persons acting in concert where they have received actual notice of

the Order. As detailed above, each of the Defendants have actual notice of the January 22 TRO entered by this Court by having been represented by counsel and by means of a facsimile and an overnight mailing sent to the Defendants on that date. Furthermore, each of the Defendants has actual notice of the February 4, 2008 Order extending the TRO as each were represented in Court by counsel and each agreed to the terms of the Order.

NAFTA and UMGA and NAFTA's principal, Daniel Hernandez, clearly violated the clear terms of the January 22 TRO and the subsequent agreed extension of the TRO entered effective February 4, 2008. Under both the January 22 TRO and February 4 extension of the TRO, NAFTA and UMGA, and parties acting in concert with them, were expressly prohibited from issuing ASI policies. Notwithstanding that order, they each issued commercial trucking policies on January 23, 2008, and NAFTA issued a commercial trucking policy on January 24, 2008. Furthermore, on February 5, 2008, NAFTA, through an agent in Mexico, issued an ASI insurance policy administered by NAFTA, to Jose Luis Adame. See Affidavit of Mr. Adame. The Adame policy is signed by NAFTA's Director of Operations, Daniel Hernandez and contains the logos of both ASI and NAFTA.

These specific violations of this Court's TRO specified herein are merely the violations discovered by ASI to date. It is clear from the Affidavit of Mr. Adame that NAFTA, through its Mexican affiliate Arimex, continues to issue ASI policies as a regular business practice and that it holds no regard for this Court's authority. It is reasonable to expect that more violations will be discovered as drivers continue to present unauthorized certificates of insurance at the border crossings.

The actions of Defendants and NAFTA's principal Daniel Hernandez, present a clear basis for a finding of contempt and the imposition of remedial and coercive sanctions. 'A court's

civil contempt power rests in its inherent limited authority to enforce compliance with court orders and ensure judicial proceedings are conducted in an orderly manner.' United States v. Dowell, 257 F.3d 694, 699 (7th Cir.2001). It is not necessary to a finding of contempt that a violation was "willful." It is enough that a party "has not been reasonably diligent and energetic in attempting to accomplish what was ordered." Goluba v. School Dist. of Ripon, 45 F.3d 1035, 1037 (7th Cir. 1995); Am. Family Mut. Ins. v. Roth, 2007 U.S. Dist. LEXIS 60220, *10 (N.D. Ill. 2007).

The violations of this Court's order provide a clear basis for a finding of contempt. The issuance of certificates of ASI insurance to Mexican truck drivers on January 23, 2008 and January 24, 2008, including many signed by NAFTA's Director of Operations, demonstrates a willful non-compliance with the Court's Order. This is particularly true where NAFTA's counsel participated in the January 22 TRO hearing and where Mr. Hernandez himself received a copy of the Order by overnight mail. Furthermore, Arimex's issuance of ASI policies on February 5, 2008, containing the signature of Mr. Hernandez and NAFTA's imprimatur, shows a complete failure to demonstrate any diligence in attempting to comply with the January 22 TRO and subsequent extension. As such, NAFTA and UMGA clearly have earned a finding of civil contempt.

## RELIEF REQUESTED

In light of the civil contempt shown by Defendants and Daniel Hernandez, this Court is empowered to impose sanctions for the purposes of coercing these persons into compliance with the Court's Order and to compensate ASI for losses sustained. Shakman v. Democratic Org. of Cook County, 533 F.2d 344, 349 (7th Cir. 1976); United States v. United Mine Workers, 330 U.S. 258, 303-4 (1947).

In this matter, ASI must be assured of no further violations of this Court's prohibition on selling ASI insurance policies. To accomplish this end, ASI respectfully suggests this Court order NAFTA and UMGA to immediately and without delay open its premises to representatives of ASI, to permit ASI to remove all policies, papers, and electronic and physical records bearing ASI's name and logo related to the program at issue. Further, ASI requests that NAFTA and UMGA be required to pay to ASI all costs and expenses incurred in connection with a forensic examination of NAFTA and UMGA's computers and electronic databases at their facilities in Brownsville, Texas and a review of NAFTA and UMGA's physical files. See American Family, 2007 U.S. Dist. LEXIS at *47. In order to secure payment of these expenses, NAFTA and UMGA must be ordered to post with the Court the amount of $10,000.00 from which ASI can be paid its reasonable expenses upon application to the Court.

Additionally, ASI must have security from claims filed under the insurance policies issued by NAFTA and UMGA after this Court entered its Orders. ASI suggests that NAFTA and UMGA be ordered to post a bond in the amount of $250,000.00 with the Court as security against any insurance claim that may be filed under the policies issued without authorization. In the event NAFTA and UMGA fail to post the bond within three days, ASI suggests that this Court order NAFTA and UMGA to cease operating as an ongoing entity.

Finally, ASI is entitled to its attorneys' fees and costs incurred in the prosecution of this Motion. American Family, 2007 U.S. Dist. LEXIS at *47.

WHEREFORE, American Service Insurance Company respectfully requests this Honorable Court enter an Order as follows:

1. Find the Defendants NAFTA General Agency and Underwriters MGA, Inc. and Daniel Hernandez and Ramon Villarreal in contempt of Court;

7

2. Order NAFTA General Agency and Underwriters MGA, Inc. to open their premises to representatives of ASI within two (2) days of this Order to permit ASI to search through NAFTA General Agency and Underwriters MGA, Inc.'s electronic and physical records and remove all policies, papers, and electronic and physical records bearing ASI's name and logo related to the program.

3. Order NAFTA General Agency and Underwriters MGA, Inc. to pay to ASI all costs and expenses incurred by American Service Insurance Company, or any person retained on its behalf, in connection with a forensic examination of NAFTA and UMGA's computers and electronic databases at their facilities and a review of NAFTA and UMGA's physical files.

4. Within one (1) day of this Order, require NAFTA General Agency and Underwriters MGA, Inc. to post with the Court the sum of $10,000.00 from which American Service Insurance Company can be paid its reasonable expenses n connection with a forensic examination of NAFTA and UMGA's computers and electronic databases at their facilities and a review of NAFTA and UMGA's physical files upon application to the Court.

5. Within seven (7) days of this Order, require NAFTA General Agency and Underwriters MGA, Inc. to post a bond in the amount of $250,000.00 with the Court as security against any insurance claim that may be filed under the policies issued after January 22, 2008, or cease operating until a such a bond is posted.

6. Award American Service Insurance Company attorneys' fees in an amount to be shown at the time of hearing on this motion for its preparation and presentation.

or grant such other and further relief as this Court deems just and reasonable.

Respectfully submitted,

AMERICAN SERVICE INSURANCE COMPANY

By: /s/ Matthew P. Barrette
   One of Its Attorneys

Patrick M. Hincks
Desmond P. Curran
Matthew P. Barrette
Sullivan Hincks & Conway
120 W. 22nd Street, Suite 100
Oak Brook, Illinois 60523
(630) 573-5021