IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AMERICAN SERVICE INSURANCE )<br>COMPANY, an Illinois insurance company, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>NAFTA GENERAL AGENCY, )<br>UNDERWRITERS MGA, INC., and )<br>RAMON VILLARREAL, )<br>)<br>Defendants. ) | Case No. 08 CV 443<br><br>Judge David H. Coar |

## MOTION TO ENFORCE SETTLMENT AGREEMENT
## AND ENTER PERMANENT INJUNCTION

Now Comes the Plaintiff, American Services Insurance Company ("ASI"), by and through its attorneys, Sullivan Hincks & Conway, and hereby moves this Honorable Court to Enforce the executed Settlement Agreement entered into in this case and pursuant thereto, enter the Permanent Injunction as required under said Settlement Agreement. In support of its Motion, ASI states as follows:

### INTRODUCTION

This Motion is filed to enforce a Settlement Agreement entered into to settle the captioned case and two other cases pending in federal district courts in Texas. A copy of the executed Settlement Agreement is attached hereto as Exhibit A. This Court entered a Temporary Restraining Order on January 22, 2008, and entered a Modified Temporary Restraining Order by agreement of the parties on February 4, 2008, both enjoining the defendants, their officers, agents, servants, employees and persons acting in concert with them, from selling ASI insurance policies pursuant to the Nonresident Program (PMA). The parties then conducted certain expedited discovery and at the request of the defendants, the parties met to discuss settlement of

this case in Chicago, without counsel for either side present. As a result of two days of settlement discussions, the parties reached a Settlement in principle and ASI instructed its counsel to draft the Settlement Agreement. Said Settlement Agreement was drafted and forwarded to defendants counsel who requested revisions throughout. ASI agreed to some revisions and did not agree to others and communicated this to defendants and their counsel. At this time and currently, Defendants also have been subject to certain regulatory proceedings before the Texas Department of Insurance ("TDI") and repeatedly requested ASI to notify the TDI that the policies issued by the defendants and the Mexican entities associated with them after January 1, 2008 by them per the ASI Nonresident Program were valid and that they had the authority to issue said policies. It was agreed to as part of Settlement Agreement that ASI would notify the TDI and other regulatory bodies that the defendants issuing of the said policies after January 1, 2008 was in fact valid. ASI agreed to do this once there was an executed Settlement Agreement between the parties. After a period of delay, ASI was notified directly by the Defendants on Friday March 7, 2008, that there was two issues remaining that were holding up the execution of Settlement Agreement, namely, extending the timeframe for them to sell policies until April 15, 2008 and the removal of a $500,000 liquidated damages provision in the Indemnification clause. ASI responded by agreeing to these two issues and modified the Settlement Agreement and forwarded the revised Agreement to defendants' counsel in the afternoon of March 7, 2008. On Tuesday March 11, 2008, ASI notified the defendants that unless the defendants paid the $250,000 due as the first payment under the Agreement and executed the Settlement Agreement by close of business Thursday March 13, 2008, the Settlement Agreement was pulled off the table and also forwarded copies of the latest revised Agreement to the defendants. The defendants executed the Settlement Agreement and

2

forwarded it to ASI on Thursday March 13, 2008 via email and paid the initial $250,000 as required per the Settlement Agreement. They then assured ASI that they would undertake to obtain the requisite signatures of all the Mexican entities and provide them expeditiously as required under the Agreement. From March 13, 2008 through March 19, 2008, the defendants obtained the signatures to all the remaining signatories per the Settlement Agreement and had paid the initial $250,000 payment per the Agreement. On March 20, 2008 ASI executed the Settlement Agreement and the parties then proceeded to act in accordance with the agreement with ASI notifying TDI and other regulatory bodies of the Settlement (with wording agreed to by the defendants) and the Defendants paying certain premiums and fees generated by the selling of policies and monthly information to ASI, with the obligation to make two (2) $50,000 payments at future dates.

All that remained was for the entry of the Settlement Agreement as an Agreed Permanent Injunction and the dismissals of all litigation along with the aforementioned future payment obligations of the defendants to ASI. Despite being assured that the entry of the Agreed Permanent Injunction would be done expeditiously, including accommodating defendants counsel's spring break vacation, defendants now will not agree to the entry of the Agreed Permanent Injunction order per the Settlement Agreement. This sudden change disturbingly comes as the defendants (as well as the Mexican entities) ability to sell ASI insurance policies per the Settlement Agreement only, expired on April 15, 2008. Without the Settlement Agreement, the Defendants had no authority to sell or issue any insurance policies per the ASI non-resident program. Only upon the rejection by ASI of the defendants request to again extend the deadline to May 31, 2008, do the defendants now refuse to the entry of the Agreed Permanent Injunction per the Settlement Agreement. Attached hereto as Exhibit B pp. 1-56, are

copies of the ongoing emails communications between the parties which unequivocally illustrates the execution of the Agreement and the parties reliance on the Agreement.

Unfortunately, also attached as Exhibit C, is a copy of counsel for Defendants email to ASI counsel dated April 14, 2008 (one day before the April 15, 2008 deadline for the defendants and the Mexican entities to stop selling ASI policies and after the defendants again asked for more time to issue policies) wherein Defendants assert that they reject the Settlement Agreement based upon their allegation that representatives of ASI advised them that their attorney had approved the Settlement Agreement and relying on that they signed the Settlement Agreement without reading it or checking with their counsel. Such nonsense is not only untrue and unbelievable as shown via the emails in Exhibit B, but not even a good faith legal argument. To be fair to Mr. Scotti, who has since filed his Motion to Withdraw as counsel for the defendants, he sent Exhibit C before he saw the emails from his clients which directly contradict the assertions in his April 14, 2008 email. Obviously, his clients' attempts to renegotiate the Settlement Agreement based upon bold-faced lies is part and parcel to his request to withdraw from this case.

WHEREFORE, American Service Insurance Company respectfully requests this Honorable Court:

1. Enter the attached Permanent Injunction as required under the Settlement Agreement;

2. Award American Service Insurance Company attorneys' fees for the filing of this Motion and grant such other and further relief as this Court deems just and reasonable.

3. Dismiss this case with prejudice pursuant to the Settlement Agreement.

Respectfully submitted,

AMERICAN SERVICE INSURANCE COMPANY

By: /s/ Matthew P. Barrette
    One of Its Attorneys

Patrick M. Hincks
Desmond P. Curran
Matthew P. Barrette
Sullivan Hincks & Conway
120 W. 22nd Street, Suite 100
Oak Brook, Illinois 60523
(630) 573-5021