IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AMERICAN SERVICE INSURANCE COMPANY, an Illinois insurance company,<br><br>    Plaintiff,<br><br>v.<br><br>NAFTA GENERAL AGENCY, a Texas, Corporation, UNDERWRITERS MGA, Inc., a Texas corporation, and RAMON VILLARREAL, an individual,<br><br>    Defendants. | Case No. 08 CV 443<br><br>Judge David H. Coar |

### AGREED ORDER FOR PERMANENT INJUNCTION

This Matter coming to be heard pursuant to American Service Insurance Company's Motion for Preliminary Injunction pursuant to Rule 65 of the Federal Rules of Civil Procedure, all parties identified in paragraph B below, having been notified, and having submitted to the jurisdiction of this Court, the Court having been apprised in the premises, and the parties identified in paragraph B below, having agreed to the contents of this Agreed Order for Permanent Injunction,

A. The Court finds that this Court has jurisdiction over the subject matter of this action;

B. The Court finds that the following persons have submitted themselves to the jurisdiction of this Court including for the purpose of entering into this Agreed Permanent Injunction: AMERICAN SERVICE INSURANCE COMPANY ("ASI") (also referred to as "party of the first part", and NAFTA GENERAL AGENCY, a Texas corporation ("NAFTA"), UNDERWRITERS MGA, Inc., a Texas corporation (UMGA"),

1

ALMEX SEGUROS, S.A. de C.V. ("ALMEX"), ASESORES de RIESGOS INTERNACIONALES DE MEXICO, S.A. de C.V. ("ARIMEX"), ASESORES de RIESGOS INTERNACIONALES, S.A. de C.V., ("INTERNATIONAL"), International Underwriters General Agency, Inc. ("IUGA"), EAGLE MGA, INC., a Texas corporation, RAMON VILLARREAL, DANIEL HERNANDEZ, ALEJANDRO VILLARREAL, ALBERTO VILLARREAL, LUPITA PELACHE (referred to collectively as "parties of the second part."),

IT IS THEREFORE HEREBY ADJUDGED, ORDERED AND DECREED AS FOLLOWS:

1. The parties of the second part shall be enjoined, restrained and prohibited from soliciting, selling, issuing or renewing any insurance policy to be issued by ASI per the PMA non resident program after April 15, 2008.

2. The parties of the second part shall be enjoined, restrained and prohibited from exercising any binding authority under the Texas Private Passenger Auto Insurance Program or any other program as of May 11, 2008, without further notice.

3. The parties of the second part shall be enjoined restrained and prohibited from extending or seeking an extension of binding authority and from challenging the validity of the suspension of binding authority date of April 15, 2008, for policies issued per the PMA non resident program, and May 11, 2008 for any other insurance policy issued by ASI.

4. ASI and only ASI may, in its sole and absolute discretion, elect to allow policies under the PMA nonresident program to be issued by parties of the second part after April 15, 2008 and until May 31, 2008, but the parties of the second part are enjoined, restrained and prohibited from challenging ASI's use of the discretion exercised

pursuant to this paragraph.

5. Regardless of whether ASI affords the parties of the second part additional binding authority after April 15, 2008, in its sole and absolute discretion, the parties of the second part shall be enjoined, restrained and prohibited from soliciting, selling, issuing or renewing ASI insurance polices under the PMA beyond May 31, 2008, under any circumstances.

6. The parties of the second part, including but not limited to, ALMEX, ARIMEX, INTERNATIONAL and IUGA, shall forward all premiums and fees generated in connection with the solicitation, sale, issuance or renewal of any insurance policy issued per the PMA to ASI monthly consistent with the terms of the November 15, 2007, letter sent from ASI to Underwriters MGA, which said letter specified that 100% of all premiums and fees generated by Policies written by NAFTA/UMGA shall be sent to ASI. The monthly payments of all fees and premiums generated shall be payable regardless of whether or not they are received by the parties of the second part. The rates charged for any nonresident program business shall be based upon the November 15, 2007, rate pages as referenced in the November 15, 2007 Letter from ASI to UMGA.

7. The parties of the second part operating pursuant to this Agreed Permanent Injunction are enjoined, restrained, and prohibited from issuing any commercial policy for a term exceeding six months.

8. ASI shall retain at all times sole and exclusive binding authority as to any commercial policies written during any period of continuation of the PMA Nonresident Program.

9. Except to the extent that the parties of the second part are expressly

3

permitted to issue ASI policies during a period of continuation of the PMA Nonresident Program, any documents purporting to be ASI policies or certificates that are issued by the parties of the second part as to the PMA Nonresident Program are null and void.

10. Parties of the second part shall forward all copies of Policy records for the Nonresident program per the PMA to ASI by August 31, 2008. Parties of the second part shall forward all copies of Policy records for the Eagle nonstandard program to ASI by August 9, 2008.

11. Parties of the second part are enjoined, restrained and prohibited from the filing of any and all new lawsuits of any kind related in any way to the PMA or the termination of the PMA or events arising out the PMA and its termination by ASI between and among or against the parties to this Agreement, including but not limited to any claims of business defamation, tortious interference, wrongful termination or any other related suit of any kind including against ASI, or any of its affiliates or parent company, Kingsway Financial Services, Inc., or any of its subsidiaries or affiliates.

12. This Court shall retain personal and subject matter jurisdiction over ASI and parties of the second part for the purpose of enforcing the terms of the settlement agreement entered on March 2̶4̶ 2008 and for enforcing the provisions of this Agreed Permanent Injunction.

13. ASI's lawsuit against Defendants NAFTA, UMGA and Ramon Villarreal is hereby dismissed with prejudice.

[continued on next page]

Dated: May 29, 2008.

ENTERED:

_____
United States District Court Judge

May 29, 2008
at 2:15

*Order prepared by:*
Patrick M. Hincks
Desmond Patrick Curran
Matthew P. Barrette
Sullivan Hincks & Conway
120 W. 22nd Street, Suite 100
Oak Brook, IL 60523

5